IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIM B. SCHULTZ | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:04CV719 |
| | § | |
| THE PROGRESSIVE HEALTH, LIFE, | § | |
| AND DISABILITY BENEFITS PLAN, | § | |
| ET AL. | § | DEFENDANTS |

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS AND
GRANTING LEAVE TO FILE AMENDED COUNTERCLAIM

THE MATTER BEFORE THE COURT is the Plaintiff's Motion to Dismiss Counterclaim [13] for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), and in the alternative, Motion for More Definite Statement. Defendant Aetna Life Insurance Company ("Aetna") has filed a response, to which Plaintiff has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be granted and Aetna should be granted leave to file an amended counterclaim.

DISCUSSION

Plaintiff Kim Schultz ("Schultz") was employed by Defendant The Progressive Casualty Insurance Company ("Progressive") as an insurance adjuster from 1990 until she became disabled by fibromyalgia in 1999. Her disability absence, beginning in December 1999, was certified under the provisions of Progressive's Managed Disability plan. Schultz was eligible for and received benefits under that plan for 90 days. Once 90 days were exceeded, Schultz's monthly benefits were paid for 24 months under the terms of Progressive's Long Term Disability Benefits Plan (the "Plan") by Aetna, as claim administrator of the Plan. Aetna denied long term

benefits beyond 24 months.

Schultz filed suit against Aetna seeking reinstatement of long term benefits and a determination of her rights to future benefits. Aetna brought a counterclaim against Schultz for $14,790.14, to offset the amount Aetna claims it overpaid in benefits because Schultz also received Social Security benefits for her disability. The ERISA plan at issue contained a provision which gave Aetna the right to require a beneficiary to return overpaid benefits.

Schultz contends that Aetna's counterclaim should be dismissed for two reasons. First, the Court lacks subject matter jurisdiction because the counterclaim is permissive and is unsupported by an independent jurisdictional basis. Second, because Aetna fails to state a claim under ERISA federal common law. Although not mentioned in her motion, Plaintiff seeks dismissal pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). The legal standard is the same under either rule: "[A] claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).

The parties agree that Aetna's claim for overpaid benefits arises under an ERISA plan, and furthermore that ERISA completely preempts state law, thus limiting Aetna's possibility for recovery of overpaid benefits to remedies under federal law. The Fifth Circuit addressed a factually similar situation in *Cooperative Benefit Administrators, Inc. v. Ogden*, 367 F.3d 323 (5th Cir. 2004). In that case, the court reviewed the Supreme Court's opinion in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), which noted that while the legislature had given participants or beneficiaries the right to bring any type of civil action to enforce the terms of an ERISA plan, plan fiduciaries were limited to bringing actions for equitable relief. *Ogden*,

367 F.3d at 331, citing *Knudson*, 534 U.S. at 220-21; ERISA § 502(a)(3).

The determination of whether an action for overpaid benefits is equitable or legal in nature requires consideration of three factors: 1) whether the plan fiduciary seeks recovery of specifically identifiable funds, (2) that belong in good conscience to the Plan, and (3) that are within the possession and control of the defendant-beneficiary. *Ogden* at 332, citations omitted.

> A plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. On the other hand ... , if the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant. In such an instance, the plaintiff is seeking a legal remedy - the imposition of personal liability on the defendant to pay a sum of money to which the plaintiff is owed - so that his claim falls outside § 502(a)(3)'s jurisdictional grant.

*Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough*, 354 F.3d 348, 355 (5th Cir. 2003).

While the counterclaim adequately alleges that the overpaid amount belongs in good conscience to the Plan, and that it was paid to and is therefore within Schultz's possession and control, Aetna's counterclaim contains no allegation that it is seeking specifically identifiable funds. Thus, the allegations do not show that Aetna is seeking an equitable rather than a legal remedy and are not sufficient to establish this Court's subject matter jurisdiction under ERISA § 502(a)(3). *See Bombardier*, 354 F.3d at 352 ("To determine whether the district court properly exercised subject matter jurisdiction over the instant action, we must first decide whether § 502(a)(3) authorizes the Plan's suit for a constructive trust over the funds"). The Plaintiff's motion to dismiss for lack of subject matter jurisdiction should therefore be granted.

A dismissal pursuant to FED. R. CIV. P. 12(b)(1) is not an expression of an opinion of the merits of a claim. The Court is unable to determine from the allegations of the counterclaim whether an amendment would be futile and the parties have not so suggested. The usual course of action upon granting a motion to dismiss is to allow a plaintiff to amend his or her complaint. *See Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781, 786-87 (5th Cir. 2000). Therefore, Aetna will be granted leave to amend its counterclaim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion to Dismiss Counterclaim [13] is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Aetna is hereby granted leave to file an amended counterclaim on or before **May 12, 2006**.

**SO ORDERED AND ADJUDGED** this the 24th day of April, 2006.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE