IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIM B. SCHULTZ | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:04CV719 |
| | § | |
| THE PROGRESSIVE HEALTH, LIFE, | § | |
| AND DISABILITY BENEFITS PLAN, | § | |
| ET AL. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIM**

THE MATTER BEFORE THE COURT is the Plaintiff's Motion to Dismiss Amended Counterclaim [51]. Defendant/Counter-Claimant Aetna Life Insurance Company ("Aetna") has filed its response and Plaintiff/Counter-Defendant Kim B. Schultz ("Schultz") has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that it has subject matter jurisdiction of Aetna's counterclaim. Thus, Schultz's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be denied.

DISCUSSION

Schultz filed a complaint in 2004 seeking, among other things, reinstatement of long-term disability benefits she alleges were wrongfully denied by the Defendant and a determination regarding her rights to future benefits under a disability plan governed by the ERISA (the "Plan"). In response, Defendant Aetna filed an answer, affirmative defenses and counterclaim. By its counterclaim, Aetna sought recovery from Schultz, under ERISA § 502(a)(3), of disability benefits which it alleges were overpaid under the terms of the Plan. Schultz filed a motion to dismiss Aetna's counterclaim, which was granted by Memorandum Opinion and Order filed April 24, 2006. The Court found that Aetna's allegations satisfied two of the three factors

necessary under Fifth Circuit precedent for the Court's exercise of subject matter jurisdiction, but because Aetna's counterclaim contained no allegation satisfying the third factor - that it was seeking specifically identifiable funds - the Court granted Aetna an opportunity to amend its counterclaim in order to show that the remedy it was seeking was equitable rather than legal in nature.  *See Cooperative Benefit Administrators, Inc. v.* Ogden, 367 F.3d 323 (5th Cir. 2004). Aetna amended its counterclaim, and Schultz now seeks dismissal pursuant to FED. R. CIV. P. 12(b)(1).

Shortly after the Court entered its Memorandum Opinion and Order, the U.S. Supreme Court issued an opinion which, in the Court's opinion, alters the analysis of subject matter jurisdiction in this case.  In *Sereboff v. Mid-Atlantic Medical Services, Inc.,* __ U.S. __, 126 S.Ct. 1869 (2006), the Supreme Court permitted a plaintiff to sue a plan beneficiary under § 502(a)(3) to enforce a reimbursement provision in a benefit plan on a theory of equitable restitution. *Sereboff* involved a claim by a plan administrator to obtain reimbursement for medical expenses that had been paid out to the plan beneficiary by a third party tortfeasor.  The plan beneficiaries had placed the disputed portion of the funds into a trust account pending the outcome of the litigation.  *Id*. at 1873.  The important factors in the Supreme Court's decision were that the funds had been specifically identified (via the third party recovery provision of the plan itself); the funds were still in the defendant's possession; and it was undisputed that the plaintiff was entitled to them under the plan's terms. *Sereboff,* 126 S.Ct. at 1874.  The court observed that the restitution action at issue involved "a constructive trust or equitable lien on a specifically identified fund."  *Id*.  *Sereboff* reiterated the rule that a suit to recover a specific, identifiable asset in the possession of a defendant would constitute a valid equitable restitution claim, and that

therefore such a claim would be permissible under ERISA § 502(a)(3). *Id*.

Schultz argues that she does not have a specific identifiable asset which can be recovered by Aetna because she spent all of the overpaid funds, and therefore the funds are no longer in her possession or control.  In *Sereboff*, the court rejected a similar argument: that the relief sought by the plan was not equitable because the plan could not trace its property or monetary interest to particular funds or assets held by the beneficiaries.  The court held that strict tracing rules do not apply to cases of equitable restitution when an equitable lien is imposed by agreement.  *Sereboff*, 126 S.Ct. at 1875.

The Fifth Circuit has not yet had the opportunity to interpret *Sereboff* and determine its effect on existing precedent.  However, other courts of appeal have interpreted *Sereboff* to allow a plan fiduciary to pursue a claim to recover overpayments, even when the funds have been dissipated by the beneficiary.  *See Dillard's Inc. v. Liberty Life Assurance Co. of Boston*, __ F.3d __, 2006 WL 1997146 (8th Cir., July 19, 2006) and *Popowski v. Parrott*, 461 F.3d 1367 (11th Cir. 2006).  These cases provide persuasive authority for this Court's assertion of subject matter jurisdiction, provided Aetna can show that the Plan terms specifically identified the funds Aetna seeks to recover.

The relevant Plan provisions provide that Schultz was not entitled to Plan benefits to the extent that she received social security benefits, and allowed Aetna to take necessary action to recover the overpayed funds.  *See* Admin. Rec. pgs. 312, 320.  In the Court's opinion, these terms sufficiently identified the funds to impose an equitable lien on the overpaid amount in favor of Aetna.  Therefore, construing Aetna's allegations in the light most favorable to it and assuming the truth of Aetna's factual allegations, as the Court must at this juncture, Aetna has properly

asserted a claim for equitable relief under ERISA.  Aetna has identified a fixed share of the fund assets to which it is equitably entitled, that is, the difference between what it paid to Schultz and what Schultz was contractually entitled to after she received social security benefits.  Aetna's allegations are sufficient to assert an equitable duty on Schultz's part to convey the funds at issue to Aetna.  *See Sereboff,* 126 S.Ct. at 1874.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion to Dismiss Amended Counterclaim [51] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 19th day of March, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE